MAIN, Judge,
concurring in the result.
The trial court concluded that Sylvia Ross was not entitled to any relief on her motion for a new trial challenging the jury verdict on the basis that the jury considered extraneous information during its deliberations. The main opinion affirms Ross’s convictions and sentences. I note that the main opinion cites favorably, albeit in dicta, the opinion reversing the conviction of Ross’s codefendant, Towanda Taite. See Taite v. State, [Ms. CR-07-2246, November 13, 2009]-So.3d-(Ala.Crim.App.2009). I disapprove of the favorable reliance on what I feel was the wrong holding in Taite, and I continue to adhere to the principles espoused in my dissent in Taite. See Taite v. State, — So.3d at-(Main, J., dissenting).
*113 Additionally, I note that the main opinion sets out the relevant facts -with regard to each of the jurors. As to one juror, the main opinion notes that juror S.A. indicated that the statement regarding Taite having previously served jail time was made near the time the jury voted and did affect her verdict. I write specially to note that juror S.A. also provided a sworn affidavit in which she also indicated that her vote was initially “not guilty” because she did not believe the State had proven that either of the defendants was guilty; she stated that the jury foreman told the jury that it had to return the same verdict for both defendants, i.e., that it had to either find both guilty or find both not guilty. Thus, there was conflicting evidence that the factfinder could have inferred impacted each juror’s vote, and the circuit court obviously resolved those conflicts adversely to Ross to determine that the comment did not aversely affect her verdict.[6]
For these reasons, I concur in the result.

. The circuit court, in its order denying the motion for a new trial, found, in part, that the evidence indicated that the information was a passing remark that did not affect the verdict and that the jurors indicated either that the remark did not affect their verdict or that they initially gave a different reason for challenging the verdict. The main opinion has, in my view, correctly concluded that any alleged comment by the jury foreperson that the jury must either convict both defendants or acquit both defendants impermissibly invades the discussion and debate of the jury. 41 So.3d at 110, n. 5.